Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ELENA HERRERA LEYVA<br>**Recurrida**<br><br>V.<br><br>ARTURO BARRETO; CONSEJO DE TITULARES DEL CONDOMINIO EL GENERALIFE, ASEGURADORA DESCONOCIDAS ABC, CORPORACIONES ABC<br>**Peticionario** | KLCE202401287 | *CERTIORARI* procedente del Tribunal de Primera Instancia Bayamón<br><br>Caso Núm:<br>GB2023CV00697<br><br>Sobre:<br>Injunction |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

El 25 de noviembre de 2024, el Sr. Arturo Barreto (señor Barreto o peticionario) compareció ante nos mediante un *Recurso de Certiorari* y solicitó la revisión de una *Resolución* que se emitió y notificó el 25 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar a la segunda solicitud de reconsideración que presentó el señor Barreto.

Por los motivos que expondremos a continuación, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por tardío.

I.

El 11 de agosto de 2023, la Sra. Elena Herrera Leyva (señora Herrera o recurrida) presentó una *Solicitud de Entredicho Provisional; Interdicto Preliminar y Permanente; y Sentencia Declaratoria* en contra del señor Barreto, el Consejo de Titulares del

Número Identificador

SEN2024 _____

Condominio Generalife, entre otros.[1] En lo pertinente a la controversia ante nos, junto a dicho escrito, presentó un proyecto de emplazamiento dirigido al peticionario. Así las cosas, el 22 de agosto de 2023 el TPI emitió y notificó una *Orden* mediante la cual ordenó a expedir los emplazamientos.[2] Posteriormente, el 12 de diciembre de 2023, la señora Herrera presentó una *Moción Informativa en Torno a Diligenciamiento de Emplazamiento*.[3] En esta informó que había logrado diligenciar personalmente el emplazamiento del peticionario el 12 de septiembre de 2023. Para evidenciar este diligenciamiento, incluyó copia del emplazamiento debidamente diligenciado.[4] Así pues, ese mismo día, a saber, el 12 de diciembre de 2023, el TPI emitió y notificó una *Orden* en la cual puntualizó que estaba enterado del emplazamiento diligenciado.[5]

Transcurrido el término sin que el peticionario presentara su alegación responsiva, el 16 de marzo de 2024, la señora Herrera presentó una *Urgente Moción Informativa y en Solicitud de Anotación de Rebeldía*.[6] En este afirmó que el peticionario había sido emplazado el 12 de septiembre de 2023 y que no había presentado su alegación responsiva. Por esta razón, le solicitó al TPI a que lo anotara en rebeldía. Evaluada la solicitud, el 18 de marzo de 2024, el TPI emitió y notificó una *Orden* en la cual resolvió que, expirado el término para presentar una alegación responsiva, anotaba en rebeldía al señor Barreto.[7]

Aproximadamente cuatro (4) meses después de haberse anotado en rebeldía al peticionario, a saber, el 11 de julio de 2024, este último presentó una solicitud de reconsideración en cuanto a

---

[1] Véase, págs. 158-182 del apéndice del recurso.
[2] Íd., pág. 148.
[3] Íd., pág. 128.
[4] Íd., pág. 129-130.
[5] Íd., pág. 127.
[6] Íd., págs. 85-86.
[7] Íd., pág. 80.

la anotación de rebeldía.[8] En síntesis, sostuvo que nunca fue emplazado, que era un hombre de 84 años e inválido y que no se enteró del caso hasta tanto recibió la notificación de la anotación de rebeldía en su contra. Por estas razones, le solicitó al TPI a que levantara la anotación de rebeldía en su contra.

En respuesta, el 29 de julio de 2023, la señora Herrera presentó una *Moción en Cumplimiento y en Oposición a "Moción Solicitando Reconsideración de la Orden de Rebeldía.*[9] En esta, afirmó que el peticionario había sido emplazado debidamente el 12 de septiembre de 2023 conforme lo dispone la Regla 4.4(a) de Procedimiento Civil, 31 LPRA Ap. V, R. 4.4. Además, argumentó que, con el mayor respeto, no se podía justificar la inacción del peticionario por razón de edad y su condición. Además, resaltó que el peticionario alegó que se enteró del presente caso el 18 de marzo de 2024 cuando recibió la notificación de la anotación de rebeldía y como quiera no compareció ante el TPI hasta el 11 de julio de 2024, es decir, ciento veintiocho (128) días después de haberse presuntamente enterado de la presente causa de acción en su contra. En virtud de lo anterior, argumentó que no existía justa causa para la dilación excesiva de comparecer al pleito por primera vez trecientos tres (303) días posteriores al emplazamiento. Por estas razones, solicitó que se declarara No Ha Lugar la solicitud de reconsideración.

Evaluados los escritos de ambas partes, el 16 de agosto de 2024, el TPI emitió una *Orden* que se notificó el 19 de agosto de 2024 declarando No Ha Lugar la solicitud de reconsideración que presentó el peticionario.[10] Ante ello, el 3 de septiembre de 2024, el señor Barreto presentó una *Moción Solicitando Reconsideración de la*

---

[8] Íd., págs. 38-40.
[9] Íd., págs. 27-34.
[10] Íd., pág. 26.

*Orden* en la cual reiteró la mayoría de sus argumentos en su solicitud de reconsideración previa.[11] Luego de haber solicitado varias prórrogas, el 21 de octubre de 2024, la recurrida se opuso a la segunda solicitud de reconsideración.[12] A pesar de no tener jurisdicción para atender una segunda solicitud de reconsideración, el 25 de octubre de 2024, el TPI dictó y notificó una *Resolución Interlocutoria* denegando la segunda solicitud de reconsideración que presentó el peticionario.[13]

Inconforme con este dictamen, el 25 de noviembre de 2024, el señor Barreto presentó el recurso de epígrafe y formuló el siguiente señalamiento de error.

> **Erró el TPI al no acoger la solicitud de meritoria de levantamiento de rebeldía del Sr. Barreto, no obstante, nunca fue emplazado, es invalido, sin recursos, sufriendo depresión y viviendo a solas en condiciones infrahumanas.**

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7.

-A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde

---

[11] Íd., págs. 22-24.
[12] Íd., págs. 2-4.
[13] Íd., pág. 1.

procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro) *Cordero v. ARPe.,* 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino,* supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso,* 194 DPR 96, 103 (2015).

-B-

La Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52, regula el procedimiento y perfeccionamiento de los recursos de *certiorari.* En lo pertinente, la Regla 52.2(b) de Procedimiento Civil, *supra,* establece que "[l]os recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia [...] deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida."

Por su parte, la Regla 32(d) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, señala que "[e]l recurso de certiorari para revisar cualquier otra resolución u orden [...] del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto".

-C-

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, preceptúa todo lo relativo a la solicitud de reconsideración. En lo pertinente al caso ante nos, la referida regla establece que la parte adversamente afectada por una **orden o resolución** del Tribunal de Primera Instancia podrá presentar, dentro del **término de cumplimiento estricto de quince (15) días** desde la fecha de la notificación de la orden o resolución, una moción de reconsideración. Íd. (Énfasis suplido). Además, añade que dicha moción deberá exponer con suficiente particularidad y especificidad los hechos y el derecho que su parte promovente estima que deben reconsiderarse, y fundamentarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. Íd.

Ahora bien, en lo referente a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, *supra.*

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en una fecha posterior al término jurisdiccional de treinta (30) días que dispone la ley para recurrir en alzada ante nos.

En el caso de autos, el 18 de marzo de 2024, el TPI anotó en rebeldía al señor Barreto. Aproximadamente cuatro (4) meses después de haberse anotado en rebeldía al peticionario, a saber, el 11 de julio de 2024, este último presentó una solicitud de reconsideración en cuanto a la anotación de rebeldía. El TPI consideró la solicitud de reconsideración a pesar de que evidentemente se presentó fuera de término y la declaró No Ha Lugar mediante una *Orden* que se notificó el **19 de agosto de 2024**. Inconforme con este dictamen, el 3 de septiembre de 2024, el peticionario **presentó una segunda solicitud de reconsideración** reiterando los argumentos de la solicitud de reconsideración previa. A pesar de no tener jurisdicción para atender dicha solicitud, el 25 de octubre 2024 el TPI emitió una *Resolución Interlocutoria* denegando la segunda solicitud de reconsideración que presentó el peticionario.

Según la Regla 47 de Procedimiento Civil, *supra,* una parte adversamente afectada por una orden o resolución del TPI tendrá un término de cumplimiento estricto de quince (15) días a partir de la notificación de la orden o resolución para presentar **una** solicitud de reconsideración. Como podemos observar, la referida regla provee para que la parte afectada por la resolución u orden pueda presentar **una sola reconsideración**. Únicamente se acepta la presentación de una segunda solicitud de reconsideración si el dictamen impugnado fue alterado sustancialmente como consecuencia de una solicitud de reconsideración anterior y si dicha solicitud cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, *supra. Colon Burgos v. Marrero Rodríguez*, 201 DPR 330, 341 (2018).

En el presente caso, el señor Barreto tenía treinta (30) días a partir del **19 de agosto de 2024**, fecha en la cual se le notificó la denegatoria de su primera solicitud de reconsideración, para

recurrir en alzada ante nos mediante un recurso de *certiorari.* Entiéndase, el peticionario tenía hasta el **18 de septiembre de 2024** para comparecer ante nos en alzada. Ello, ya que en el presente caso no se alteró el dictamen de la anotación de rebeldía como resultado de la primera solicitud de reconsideración por lo que no se cumplió con las exigencias establecidas en el caso de *Colon Burgos v. Marrero Rodríguez,* supra, para que la segunda solicitud de reconsideración tuviese el efecto de interrumpir el término nuevamente para recurrir en alzada.

El señor Barreto compareció ante nos mediante el recurso de epígrafe el **25 de noviembre de 2024**, es decir, sesenta y ocho **(68) días después de que venciera el término de treinta (30) días para acudir en alzada que vencía el 18 de septiembre de 2024**. Por las razones antes expuestas, nos encontramos forzados a desestimar el recurso de epígrafe por tardío conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones